## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 03-32063-WRS
                                                         Chapter 7
TERRY MANUFACTURING
COMPANY INC.,

     Debtor

J. LESTER ALEXANDER III, TRUSTEE,

     Plaintiff                               Adv. Pro. No. 04-3132-WRS

  v.

CINTAS CORPORATION,

     Defendant

## MEMORANDUM DECISION

## I. PROCEDURAL SETTING

On July 7, 2003, Terry Manufacturing Company, Inc, filed a petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code, initiating Bankruptcy Case No. 03-32063. About two weeks later, Terry Uniform Company, LLC, an affiliated entity, filed another Chapter 11 case, initiating Bankruptcy Case No. 03-32213. Joint administration of these two cases was ordered by this Court's Order of October 3, 2003. On May 13, 2004, both cases were converted to cases under Chapter 7. Plaintiff J. Lester Alexander, III, is the Trustee in both cases. The Plaintiff will be referred to as Alexander.

On October 25, 2004, Alexander brought suit against ten named Defendants alleging that they had systematically looted Terry Manufacturing and Terry Uniform. Suit was brought in the

Circuit Court for Randolph County, Alabama under Case No. CV-2004-162. Alexander alleges several theories generally sounding in fraud, breach of contract, breach of fiduciary duties and the like. It is not necessary to catalog the various causes of action alleged for purposes of this decision except to say that Alexander alleges massive wrongdoing on the part of the Defendants and seeks many millions of dollars in damages.

For purposes of analysis, the Court will divide the Defendants into two groups. The first group consists of Cintas Corporation, Cintas Corporation No. 2, Scott Farmer, David T. Jeanmougin, Paul Carmichael and Roger V. Reed. These six Defendants will be referred to as the Cintas Defendants. The second group consists of Roy Terry, Rudolph Terry, Sidney Johnson and Cotina Terry and will be referred to as the Terry Defendants. The Terry Defendants are former principals of Terry Manufacturing and Terry Uniform.

On November 29, 2004, the Cintas Defendants filed a Notice of Removal thereby removing this civil action from Randolph County to this Court pursuant to 28 U.S.C. § 1452(a). On December 22, 2004, Alexander moved to remand this civil action to the Circuit Court for Randolph County. (Doc. 18). The Cintas Defendants seek either dismissal of the civil action or transfer of this civil action to Delaware, citing provisions in several contracts which contain forum selection clauses. The Cintas Defendants contend that the forum selection clauses mandate that this civil action be tried in Delaware. The Court heard oral argument on the pending motions in Montgomery, Alabama on March 7, 2005. The motions have been fully

2

briefed. (Alexander–Docs. 18, 21, 26; Cintas–Docs. 2, 5, 8, 20, 27). For the reasons set forth below, Alexander's Motion to Abstain is GRANTED.[1]

## II.  SEQUENCE OF MATTERS CONSIDERED

Before delving into the various issues raised here, the undersigned will discuss the order in which the issues will be discussed.  The Court will first discuss whether removal was proper in light of the fact that only the Cintas Defendants have sought to remove this civil action to Federal Court.  Finding that unanimity is not required under § 1452(a), the undersigned will second consider whether the doctrine of mandatory abstention, pursuant to 28 U.S.C. § 1334(c)(2) applies.  Having determined that mandatory abstention applies here, the matters at hand, in this Court, are at an end.  Nevertheless, the Court will, in the alternative, discuss the doctrine of permissive abstention, pursuant to 28 U.S.C. § 1334(c)(1).   Having determined that this Court should abstain from hearing this proceeding, it will not reach the issue as to whether venue is proper, leaving that for determination by the Circuit Court for Randolph County.   It does not appear that there is any black-letter law which would guide the Court in a situation such as this where, as here, it is confronted with several motions filed by several parties, each of whom wants their motion decided first.  The District Court has described rules purporting to govern these kinds of proceedings as "prudential."  Retirement Systems of Alabama v. Merrill Lynch & Co.,

---

[1] A motion to abstain is a core proceeding, within the meaning of 28 U.S.C. § 157.  For this reason, this Court may enter a final order rather than submit proposed findings of fact and conclusions of law to the District Court. In re: Haverhill Technology Group, 310 B.R. 478, 485 (Bankr. D. Mass. 2004); St. Vincents's Hospital v. Norrell (In re: Norrell), 198 B.R. 987, 992 n. 3 (Bankr. N.D. Ala. 1996).

209 F. Supp.2d 1257, 1261 (M.D. Ala. 2002); see also, Gould v. National Life Insurance Company, 990 F. Supp. 1354, 1362-63 (M.D. Ala. 1998)(order in which motions are decided turns on facts of each case). A District Court in New York, when faced with a similar problem, held that remand should be considered first. Renaissance Cosmetics, Inc. v. Development Specialists, Inc., 277 B.R. 5, 11 (S.D.N.Y. 2002). As this is the "home" court, meaning that the Terry Manufacturing bankruptcy case is filed here, it would appear that this Court is in the best position to decide the abstention questions. In re: Weldo, 212 B.R. 678 (Bankr. M.D. Ala. 1996). This is consistent with the briefing order entered by this Court on December 20, 2004. (Doc. 16).

### III. UNANIMITY AND SECTION 1452 REMOVALS

Alexander argues that Cintas' attempted removal here is defective because not all of the Defendants have joined in the notice of removal. (Doc. 18, p. 4).[2] Whether all defendants must join in filing a Notice of Removal will be referred to, for sake of clarity, as unanimity. Section 1452 of Title 28, United States Code, provides as follows:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause

---

[2] Cintas' Notice of Removal may be found at (Doc. 1). The Notice of Removal is signed by all of the Cintas Defendants and none of the Terry Defendants.

> of action, or a decision to not remand, is not reviewable by appeal
> or otherwise by the court of appeals under section 158(d), 1291, or
> 1292 of this title or by the Supreme Court of the United States
> under section 1254 of this title. 28 U.S.C. § 1452.

The first four words of this statute are "a party may remove." It would appear that this language is clear enough. A party, or as in this Adversary Proceeding, six of the ten-named Defendants, may remove the cause of action to the District Court. There is nothing in the plain language of this statute which would indicate that all defendants, or all plaintiffs if the case may be, must join in the removal.

The remainder of the requirements for removal have not been disputed. The cause of action is clearly not one before the United States Tax Court or a civil action by a governmental unit. At the March 7, 2005 hearing, counsel for Cintas conceded that § 1334 jurisdiction exists. "Related to" jurisdiction under § 1334 exists because Trustee Alexander's claim against Cintas is one of the most if not the most substantial asset in the Terry Manufacturing bankruptcy estate.

The District Court handed down two opinions in 2002 wherein it discussed but ultimately declined to decide the question of unanimity in § 1452 removals. Retirement Systems of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 524-25 (M.D. Ala. 2002)(Albritton, C.J.)(RSA I); Retirement Systems of Alabama v. Merrill Lynch & Co., 209 F.Supp.2d 1257, 1261–64 (M.D. Ala. 2002)(Albritton, C.J.)(RSA II). In both RSA I and RSA II, the District Court abstained under 28 U.S.C. § 1334(c)(1). It appears that the District Court in RSA I and RSA II was concerned by a decision recently handed down by the Southern District of Iowa in Ross v. Thousand Adventures of Iowa, Inc., 178 F. Supp.2d 996, 1001-2 (S.D. Iowa 2001),

5

which looked to 28 U.S.C. § 1441, and held the unanimity is required for a removal under 28 U.S.C. § 1452. As it is well established that § 1441 removals require unanimity, it reasoned that § 1452 should likewise require unanimous consent of the defendants. In a decision handed down by the United States Supreme Court, it was stated that the general removal provisions of §§ 1441, 1446–48, supplement the bankruptcy removal provision of § 1452. See, Things Remembered, Inc. v. Petraca, 516 U.S. 125, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995).

The District Court in the Southern District of Ohio handed down a well-reasoned decision last year in National Century Financial Enterprises, Inc., Investment Litigation v. Bank One, N.A., 323 F. Supp.2d 861, 871–73 (S.D. Ohio 2004), where it compared the language in § 1441 with § 1452 and concluded that unanimity was not required. It noted that § 1441 permits removal by "the defendant or the defendants" while § 1452 permits removal by "a party." This strongly suggests that unanimity is not required. It now appears that the great weight of authority holds that unanimity is not required in a § 1452 removal. California Public Employees' Retirement System v. Woldcom, Inc., 368 F.3d 86, 103 (2nd Cir. 2004); Creasy v. Coleman Furniture Corporation, 763 F.2d 656, 660 (4th Cir. 1985); In re: National Century Financial Enterprises, Inc., Investment Litigation, 323 F. Supp.2d 861, 871–73 (S.D. Ohio 2004); In re: WoldCom, Inc. Securities Litigation, 293 B.R. 308, 330 (S.D. N.Y. 2003); Connecticut Resources Recovery Authority v. Lay, 292 B.R. 464, 471 (D. Conn. 2003); Abner v. Mate Creek Loading, Inc., (In re: Mid-Atlantic Resources Corp.) 283 B.R. 176, 183 (S.D. W.Va. 2002); Beasley v. Personal Finance Corporation, 279 B.R. 523, 592 (S.D. Miss. 2002); In re: Asbestos Litigation, 271 B.R. 118, 120 n.2 (S.D. W.Va. 2001); Sommers v. Abshire, 186 B.R. 407, 408

(E.D. Tex. 1995); See contra, Ross v. Thousand Adventures of Iowa, Inc., 178 F. Supp. 2d 996, 1002 (S.D. Iowa 2001)(unaniminity of defendants required for § 1452(a) removal). The Cintas Defendants properly removed this civil action to this Court, notwithstanding the fact that the Terry Defendants did not join in the removal.

## IV. MANDATORY ABSTENTION

Alexander contends that this Court is required to abstain from hearing this matter, citing the provisions of 28 U.S.C. § 1334(c)(2), which provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The "shall abstain" language in this statute indicates that the District Court is without discretion to hear this matter if the provisions of § 1334(c)(2) apply. Hatcher v. Lloyd's of London, 204 B.R. 227, 234 (M.D. Ala. 1997); see also, Christo v. Padgett, 223 F.3d 1324, 1331-31 (11th Cir. 2000)(mandatory abstention applies to removed actions).

The first element, the requirement for a timely motion, is easily established here. The Notice of Removal was filed on November 29, 2004. (Doc. 1). Alexander's Motion to Remand or Abstain was filed 23 days later, on December 22, 2004. (Doc. 18). The requirement of a timely motion is met.

7

The second element is also clear. The proceeding must be one "based upon a State law claim or State law cause of action." Examination of Alexander's complaint indicates that the claims are for fraud, breach of fiduciary duty and breach of contract, all of which are state law causes of action.

The third element is that the cause of action must be one "related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section." The Cintas Defendants do not dispute this element either. Proceedings which "arise under title 11" are one which depend upon rights created under the Bankruptcy Code. Clearly, Alexander's claims do not depend upon any right arising under the Bankruptcy Code. Claims which "arise in a case under title 11" are case specific to bankruptcy filings, usually consisting of administrative proceedings in the bankruptcy case itself. Alexander's suit here clearly is not such a proceeding. Thus, the first three elements are easily established by Alexander and are not disputed by the Cintas Defendants.

The fourth element is hotly disputed by the Cintas Defendants in that they contend that the Circuit Court for Randolph County is not a court of "appropriate jurisdiction." The Cintas Defendants do not dispute that the Circuit Court in Randolph County has subject matter jurisdiction over Alexander's suit, or for that matter they probably have in personam jurisdiction over the Defendants as well, rather they focus on the word "appropriate" contending that the term "appropriate jurisdiction" is a broader concept than had Congress simply used the term jurisdiction.

8

The Cintas Defendants make an interesting point, that the word appropriate, if given Alexander's construction, would make the term "appropriate" surplus, violating a familiar cannon of statutory construction. However, the construction of this statute advanced by Cintas creates more problems than it solves. The first problem is that the Cintas construction necessarily requires that the term "appropriate jurisdiction" be interpreted to mean "jurisdiction and venue." Had Congress meant venue, one presumes that it would have said so. Cintas would cure what is at worst a minor faux pas in the drafting of this statute and replace it with a much more serious gaffe.

The second problem is that the Cintas construction would necessarily imply the creation of a new body of jurisprudence to give meaning to its interpretation of the term "appropriate jurisdiction." In this instance, there are several courts which probably have jurisdiction. It would then have to be determined which court is the "most appropriate." In this case, Cintas contends that the most appropriate court would be in Delaware, citing the forum selection clause in its contracts. This would appear to duplicate, or perhaps supercede, existing law on change of venue and *forum non conveniens.* It would appear that when Congress drafted § 1334(c)(2), it intended that federal courts abstain only in favor of state courts who actually have jurisdiction to hear the matter at hand, eliminating the possibility that a federal court would be required to abstain in favor of a state court which did not have jurisdiction.

To be sure, Congress could have said "a State forum with jurisdiction" rather than "a State forum of appropriate jurisdiction," which would solve the problem of the surplus term "appropriate." The most logical reading of the statute, as written, would interpret this phrase to

9

mean that abstention is proper only if the state court in question has jurisdiction to hear the matter at hand.

The final element is whether the case can be timely adjudicated. Alexander has submitted the Affidavit of Kim Benefield who is the Clerk of the Circuit Court for Randolph County, Alabama. (Doc. 18, Exhibit 3). It appears from her affidavit that Benefield is familiar with this civil action and has general knowledge as to the workings of the Circuit Court and is of the opinion that this civil action can be timely adjudicated in Randolph County. Accordingly, this Court finds that the requirement of a timely adjudication has been shown by Alexander. As all of the elements for mandatory abstention have been shown by Alexander, the Court finds that it must abstain from hearing this case pursuant to 28 U.S.C. § 1334(c)(2).

## V. DISCRETIONARY ABSTENTION

Having concluded that this Court should abstain, pursuant to 28 U.S.C. § 1334(c)(2), the Court will nevertheless consider, in the alternative, permissive abstention, which is governed by the provisions of 28 U.S.C. § 1334(c)(1), which provides as follows:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The District Court has identified 12 nonexclusive factors to look to in making this determination: (1) the effect on the efficient administration of the bankruptcy estate; (2) whether state law issues predominate over the bankruptcy issues; (3) the difficulty or unsettled nature of

the applicable state law; (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts; (5) the jurisdictional basis, if any, other than § 1334; (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to jury trial; and (12) the presence in the proceeding of non-debtor parties. Retirement Systems of Alabama v. Merrill Lynch & Co., 209 F. Supp.2d 1257, 1267-68 (M.D. Ala. 2002); see also, Retirement Systems of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530 (M.D. Ala. 2002).

Considering these factors in order, first it would appear that remand to Circuit Court would have no effect on the efficient administration of the bankruptcy estate. Second, this proceeding involves exclusively state law issues, which would weigh in favor of remand. Third, it would not appear that state law is unsettled in this area, therefore this factor is neutral. Fourth, there are no related proceedings in state court or other non-bankruptcy courts making this also a neutral factor. Fifth, the sole source of jurisdiction is § 1334, which would weigh in favor of remand. Sixth, this is not a core proceeding but is related to, to the extent that recovery under the cause of action would inure to the bankruptcy estates. This factor weighs in favor of remand. Seventh, as this is not a core proceeding, this factor, if it has any weight at all, would favor

11

remand.  Eighth, the feasibility of severing state law claims is not an issue as all of the claims are state law.  As there would be nothing to be retained in bankruptcy court, this factor has no weight.  Ninth, this is a large case and will be a burden wherever it is tried.  Therefore, this factor has no weight.  Tenth, it does not appear that either party is engaged in any improper forum shopping, therefore this factor has no weight.  Certainly, the parties have different views as to where this civil action should be tried, this honest difference of opinion is not improper forum shopping.  Eleventh, the existence of a right to jury trial favors remand.  Twelfth, the presence of non-debtor parties would not appear to weigh heavily in this case.

Considering these factors as a whole, it would appear that remand to Circuit Court is heavily favored.  This is a non-core proceeding brought by a Trustee in bankruptcy against non-debtor parties.  The issues to be decided all arise under state law.  No interest or right under the Bankruptcy Code is implicated.  In the event that Alexander prevails, the recovery will inure to the benefit of the creditors in this bankruptcy case.  There is no other connection to this or any other bankruptcy proceeding.  If this Adversary Proceeding was not to be remanded to the Circuit Court of Randolph County on the grounds of mandatory abstention under § 1334(c)(2), this Court would, in the alternative, remand it on the grounds of permissive abstention.

## VI.  CONCLUSION

The Court finds that the Cintas Defendants properly removed this civil action to this Court as unanimity among the Defendants is not required.  The Court further finds that this Adversary Proceeding should be remanded to the Circuit Court of Randolph County pursuant to

12

Case 04-03132    Doc 29    Filed 04/15/05    Entered 04/15/05 12:56:14    Desc Main
Document      Page 12 of 13

the doctrine of mandatory abstention. 28 U.S.C. § 1334(c)(2). In the alternative, this Adversary Proceeding may be remanded pursuant to the discretionary abstention provision of 28 U.S.C. § 1334(c)(1). The Court will, by way of a separate order, remand this Adversary Proceeding to the Circuit Court for Randolph County, Alabama.

Done this 15th day of April, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiff
   Michael L. Scheier, Attorney for Defendants
   W. Clark Watson, Attorney for Defendants
   Barry E. Teague, Attorney for Defendant Sidney Johnson